GRAY (PEOPLE v.). See Case No. 10,968.

## Case No. 5,727.
### GRAY v. REARDON.
[2 Cranch, C. C. 219.][1]

Circuit Court, District of Columbia. Nov. Term, 1820.

SALE — PRINCIPAL AND AGENT — PAYMENT OF PROCEEDS.

If the defendant sell personal property as the agent and by the authority of the plaintiff, and agree to pay him the proceeds, he is liable to the plaintiff for the proceeds of the sale, although other persons may have been jointly interested with the plaintiff in the property.

Assumpsit for money had and received to the plaintiff's use. The plaintiff, being in possession of some slaves, empowered the defendant to sell them for him and to pay him the proceeds of the sale. The defendant sold them and received the money, but refused to pay it to the plaintiff, because he alleged that the slaves were the property of one Manly Reardon, who died intestate, and that the title was in his administrator. The plaintiff claimed the slaves in right of his wife, who was the mother and heir at law of Manly Reardon. The defendant contended, that Manly Reardon left brothers and sisters who are co-heirs with the mother.

Mr. Mason, for plaintiff, contended that as the defendant acted solely as the agent of the plaintiff who was in possession, and derived his whole authority from the plaintiff, he was bound to pay over the money to him, although others may have had a joint interest in the slaves.

THE COURT (nem. con.) upon the prayer of the plaintiff's counsel, instructed the jury that if they should believe from the evidence, that the defendant, in making the sale, acted as the agent and by the authority of the plaintiff, and agreed to pay the plaintiff the proceeds, he is liable to the plaintiff in this action, although the jury should be satisfied by the evidence, that other persons were jointly interested with him in the slaves.